**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 13-cv-00648-MSK-CBS

**AUDREY LEE TENNYSON,**

    Plaintiff,

v.

**MATTHEW CARPENTER, and
MICHAEL FRED DYCUS,**

    Defendants.

**OPINION AND ORDER REVERSING AND VACATING ORDER
AUTHORIZING THE FILING OF A SECOND AMENDED COMPLANT,
AND AFFIRMING ORDER DISMISSING CLAIMS**

**THIS MATTER** is before the Court on the Defendants' Objections **(#95)** to the Magistrate Judge's Order **(#87)** granting the Plaintiff Audrey Lee Tennyson's Motion for Leave to File Second Amended Complaint **(#82)**. Mr. Tennyson filed a Response **(#102)** to the Objections.

**I. Background**

In March 2013, Mr. Tennyson, an inmate under the supervision of the Colorado Department of Corrections, filed a *pro se* prisoner complaint asserting claims under 42 U.C.C. §§ 1893, 1985, and 1986; the Religious Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. §§ 2000cc-2000cc-5; and state law. His Amended Complaint **(#18)** generally alleges that he was suspended from the prison choir, known as the "Praise Team," in retaliation for using the prison grievance process to try to retrieve personal photographs (kept in his choir binders) that were confiscated from him during a prison shakedown. The amended complaint alleges that

the prison chaplain, Michael Fred Dycus, suspended Mr. Tennyson after the chaplain's "Superiors" found Mr. Tennyson guilty of misusing his choir binders as photo albums. It further alleges that the chaplain told Mr. Tennyson that he had been directed to discipline him for misconduct. Mr. Tennyson did not name Mr. Dycus as a defendant in the amended complaint, stating that he was "omitted because he couldn't have known of the grievance otherwise." The amended complaint names only Matthew Carpenter (a prison official who responded to Mr. Tennyson's grievances) and "the Superiors, not yet identified," as the individuals responsible for his suspension.[1]

The amended complaint was *sua sponte* dismissed as legally frivolous. Mr. Tennyson filed a *pro se* appeal. On March 18, 2014, the Tenth Circuit issued its Order and Judgment affirming the dismissal in part and reversing it in part. The Tenth Circuit held that Mr. Tennyson had sufficiently pled First Amendment, RLUIPA, retaliation, and equal protection claims against Defendant Matthew Carpenter and the "Superiors,"[2] but the court affirmed dismissal of all Eighth Amendment claims, claims under 42 U.S.C. §§ 1985 and 1986, claims against Defendant Sparks for unreasonable seizure and violation of procedural due process, and all claims against the Kit Carson Correctional Center.

On June 26, 2014, an attorney entered an appearance on behalf of Mr. Tennyson. A Scheduling Order and subsequent amendment required the parties to (1) join parties and amend pleadings by October 3, 2014; (2) complete discovery by March 20, 2015, and (3) file dispositive

---

[1] As initially filed, the amended complaint names the following Defendants: Matthew Carpenter, Chief of Unit Managers; Robert Sparks, Unit Manager; "The Superiors," Identities Not Yet Known; Vance Everett, K.C.C.C. Warden; Kit Carson Correctional Center; and Roger Werholtz, C.D.O.C. Executive Director.

[2] The Tenth Circuit also directed the district court to consider the claims against Defendants Everett and Werholtz, as well as the procedural due process claim against Defendant Carpenter and the Superiors, because the district court had not previously considered these claims.

2

motions by April 20, 2015.  Defendants Carpenter and Everett timely filed a motion for summary judgment.  Mr. Tennyson responded to the motion on April 21, 2015, and indicated that he intended to file a motion to amend the pleadings to add Chaplain Dycus as a defendant.

On August 4, 2015, ten months after expiration of the deadline in the Scheduling Order and four months after responding to the motion for summary judgment, Mr. Tennyson filed a motion requesting authorization to file a Second Amended Complaint.  The proposed Second Amended Complaint, attached to the motion, asserts only a claim against Matthew Carpenter and Michael Fred Dycus under 42 U.S.C. § 1983 for denial of Mr. Tennyson's right to exercise his religion under the First Amendment.  The proposed Second Amended Complaint apparently abandons all other claims.  The single claim is premised upon allegations that the suspension from the Praise Team substantially burdened Mr. Tennyson's right to exercise his sincerely held religious beliefs and that there was no penological purpose for the suspension.  It further alleges that the suspension was based on a pretextual allegation of misconduct.  Mr. Tennyson apparently learned facts pertaining to this new theory in depositions taken in March 2015.

The matter was referred to the Magistrate Judge.  In an oral ruling, the Magistrate Judge granted the motion and accepted the proposed Second Amended Complaint.  Apparently relying on a concern for judicial economy, the Magistrate Judge found that there was good cause to allow amendment after the deadline imposed by the scheduling order and that amendment should be allowed under Fed. R. Civ. P. 15.

The Defendants, now Mr. Carpenter and Mr. Dycus, filed timely Objections **(#95)** to the Magistrate Judge's ruling.  They argue that the Magistrate Judge erred in determining that (1) there was good cause under Fed. R. Civ. P. 16(b) to modify the Scheduling Order after the deadline for amendment had passed, and (2) amendment is allowed under Rule 15.

## II. Standard of Review

Pursuant to Fed. R. Civ. P. 72(a), the Court reviews the objected-to portions of the Magistrate Judge's Order under the "clearly erroneous or contrary to law standard. 28 U.S.C. §636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 56 (10th Cir. 1997); *Ariza v. U.S. West Communications, Inc.*, 167 F.R.D. 131, 133 (D.Colo. 199). Accordingly, the Defendants' Objections will be overruled unless the Court finds that the Magistrate Judge abused his discretion or, if after viewing the record as a whole, the Court is left with a "definite and firm conviction that a mistake has been made." *Ariza*, 167 F.R.D. at 133 (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)).

## III. Analysis

Although Mr. Tennyson filed only a single motion to amend the complaint, the Court understands the motion to make two distinct requests. First, Mr. Tennyson seeks to state a new First Amendment claim against Michael Fred Dycus. Second, he seeks to dismiss all claims except for a First Amendment claim against Mr. Carpenter and Mr. Dycus. These requests require different analyses, and therefore the Court treats Mr. Tennyson's motion in two parts.

### A. Addition of Claim against Michael Fred Dycus

A two-step analysis is used to determine whether to allow amendment of a complaint to add a claim after the passing of the deadline established by the Scheduling Order. First, the Court considers whether the moving party has shown good cause under Fed. R. Civ. P. 16(b) to seek modification of the scheduling order. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Assoc.*, 771 F.3d 1230, 1242 (10th Cir. 2014). Second, the Court weighs whether amendment should be allowed under Fed. R. Civ. P. 15(a). *Id.*

Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent."  This standard requires the movant to show that "the scheduling deadlines cannot be met despite [the movant's] diligent efforts."  *Id.* at 1240 (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D.Colo. 2001)).  The burden may be satisfied, for example, when the movant learns new information through discovery or if the underlying law has changed.  *Id.*  However, Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.  *Colo. Visionary Acad. v. Medronic, Inc.*, 194 F.R.D. 684, 687 (D.Colo. 2000).

Here, the record is completely devoid of any showing that Mr. Tennyson's counsel was diligent in moving to amend the complaint.  As noted, the motion to amend was filed ten months after the deadline imposed by the Scheduling Order, five months after counsel deposed Chaplain Dycus, four and one-half months after the close of discovery, and nearly four months after Mr. Tennyson announced his intent to amend in his response to the motion for summary judgment.  Mr. Tennyson's counsel entered his appearance on June 26, 2014, and as noted in several pleadings, counsel recognized the need to investigate and ascertain what, if any, further amendments to the complaint were required.  But, he inexplicably delayed in conducting the necessary discovery until after the amendment deadline had passed and close to the end of the discovery period.  Then, he inexplicably delayed for more than five months after conducting the salient depositions in seeking to further amend Mr. Tennyson's Amended Complaint.  Mr. Tennyson makes absolutely no showing as to why he did not move to amend immediately after taking the depositions in March 2015.  On this record, the Court cannot find that Mr. Tennyson was diligent in seeking to file a Second Amended Complaint.  Therefore, there has been no good

5

cause shown to modify the deadline in the Scheduling Order under Rule 16(b).  Because Mr. Tennyson failed to satisfy his burden under Rule 16(b), it is not necessary to undertake a Rule 15(a) analysis.

### B. Dismissal of Claims

As noted, the proposed amendment to the Amended Complaint deleted all claims other than a single claim against Mr. Carpenter.[3]  In this regard, the Motion to Amend operates as a motion to voluntarily dismiss claims.  As such, it is not subject to the Scheduling Order or Rule 16(b).  It is, instead, governed by Fed. R. Civ. P. 41(a)(2).  There is no opposition to Mr. Tennyson's dismissal of claims against all other Defendants, and therefore the Court grants the motion.  All of Mr. Tennyson's claims are dismissed but for a single claim against Mr. Carpenter under 42 U.S.C. § 1983 for denial of Mr. Tennyson's right to exercise his religion under the First Amendment.

### IV. Conclusion

For the forgoing reasons, the Plaintiff's Objections **(#49)** are **SUSTAINED, in part**.  The Magistrate Judge's Order **(#87)** granting the Plaintiff's Motion for Leave to File Second Amended Complaint is **REVERSED AND VACATED, in part, and AFFIRMED, in part**.  The Order is reversed to the extent it grants Plaintiff's motion to add a new claim against Michael Fred Dycus, and it is affirmed to the extent it grants the Plaintiff's motion to voluntarily dismiss claims.  The operative complaint in this case is the Amended Prisoner Complaint **(#18)** filed on June 3, 2013, but it is limited to a single claim against Mr. Carpenter.  The caption shall be amended accordingly.  The Second Amended Complaint **(#88)** filed on September 17, 2015 is stricken.

---

[3] Had Mr. Tennyson been allowed to file a Second Amended Complaint, there also would have been a new claim against Mr. Dycus.

7

Michael Fred Dycus's Motion for Summary Judgment **(#104)** and Defendant Vance Everett's Motion for Summary Judgment **(#69)** are both **DENIED AS MOOT**. The pending Motion for Summary Judgment **(#69)** filed by Defendant Matthew Carpenter will be resolved in due course.

Dated this 10th day of December, 2015.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge