IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 13-cv-00648-MSK-CBS

AUDREY LEE TENNYSON,

    Plaintiff,

v.

MATTHEW CARPENTER,

    Defendant.

## OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** comes before the Court on the Defendant Matthew Carpenter's Motion for Summary Judgment **(#69)**, the Plaintiff Audrey Lee Tennyson's Response **(#79)**, and Mr. Carpenter's Reply **(#81)**.

### I. Material Facts

Having reviewed the record and submissions of the parties, the Court finds the following material facts to be undisputed, or where disputed, construes them most favorably to Mr. Tennyson.

Mr. Tennyson is prisoner in the custody of the Colorado Department of Corrections. At the facility where he was housed, Mr. Tennyson was a member of the prison choir, known as the Praise Team. As a member of the Praise Team, he was given a three-ring binder by the prison chaplain to keep his music in. Mr. Tennyson personalized his binder by displaying personal photos under the plastic cover of his binder.

During a facility shakedown, his binder was confiscated. Although most were left in his cell, a couple of his photos were missing after the shakedown. Mr. Tennyson filed a prison

grievance in an attempt to recover the missing photos. His step-one grievance was denied by Officer Sparks, who responded that he had carefully removed all of Mr. Tennyson's photos before he confiscated the binder. Mr. Tennyson then filed a step-two grievance, which was denied by the Defendant Matthew Carpenter, who was the chief of unit management and chief of security. The denial stated that Mr. Tennyson had not proved that his missing photos were in the binder, and it also asserted that if Mr. Tennyson was missing a photo, it was due to his own misconduct in using the binder for a non-choir purpose. Mr. Carpenter claimed that the chaplain had asked Mr. Tennyson to return the binder and had not given anyone permission to use the binders for other purposes.

Five days after Mr. Carpenter denied his step-two grievance, Mr. Tennyson was suspended from the Praise Team for a period of six months. The chaplain told Mr. Tennyson that his "superiors" had informed him that Mr. Tennyson committed misconduct by using the binder as a photo album, and they told the chaplain that he needed to "take action." When Mr. Tennyson tried to explain, the chaplain said he was sorry, but he had to do what he had to do.

As narrowed by the proceedings to date, Mr. Tennyson asserts claims under 42 U.S.C. § 1983 for violation of his First Amendment right to participate in the Praise Team and retaliation based his First Amendment right to use the grievance process.

## II. Standard of Review

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Thus, the primary question presented to the Court on a motion for summary judgment is, is a trial required?

A trial is required if there are material factual disputes to resolve.  As a result, entry of summary judgment is authorized only "when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Savant Homes, Inc. v. Collins*, ___ F.3d ___, ___, 2016 WL 25576, *2 (10th Cir. 2016).  A fact is material if, under the substantive law, it is essential to an element of the claim.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine if the conflicting evidence would enable a rational trier of fact to resolve the dispute for either party.  *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013).

The consideration of a summary judgment motion requires the Court to focus on the asserted claims and defenses, their legal elements, and which party has the burden of proof.  Substantive law specifies the elements that must be proven for a given claim or defense, sets the standard of proof, and identifies the party with the burden of proof.  *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989).  As to the evidence offered during summary judgment, the Court views it the light most favorable to the non-moving party, thereby favoring the right to trial.  *See Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013).

Motions for summary judgment generally arise in one of two contexts — either when the movant has the burden of proof, or when the non-movant has the burden of proof.  Each context is handled differently.  When the movant has the burden of proof, the movant must come forward with sufficient, competent evidence to establish each element of its claim or defense.  *See* Fed. R. Civ. P. 56(c)(1)(A). Presumably, in the absence of contrary evidence, this showing would entitle the movant to judgment as a matter of law.  However, if the responding party presents contrary evidence to establish a genuine dispute as to any material fact, a trial is required and the motion

must be denied. *See Leone v. Owsley*, ___ F.3d ___, ___, 2015 WL 7567457, *4 (10th Cir. 2015); *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013).

A different circumstance arises when the movant does not have the burden of proof. In this circumstance, the movant contends that the non-movant lacks sufficient evidence to establish a *prima facie* case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The moving party must identify why the respondent cannot make a *prima facie* showing — that is, why the respondent cannot establish a particular element. *See Collins*, ___ F.3d at ___. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, then a trial is required. Conversely, if the respondent's evidence is inadequate to establish a *prima facie* claim or defense, then no factual determination of that claim or defense is required and judgment may enter. *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

### III. Analysis

Mr. Tennyson alleges that his constitutional rights were violated when he was suspended from the Praise Team. Mr. Carpenter contends that he is entitled to summary judgment in his favor because Mr. Tennyson cannot establish that he was personally involved in the decision to suspend Mr. Tennyson.

Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation. *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Supervisory status alone does not create § 1983 liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008). Rather, there must be an affirmative link between the alleged constitutional deprivation, and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise. *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997).

In support of his motion, Mr. Carpenter submits his own deposition and the deposition of the then-prison chaplain, Fred Dycus. Mr. Carpenter testified that he did not direct the chaplain to suspend Mr. Tennyson and that he was not the chaplain's supervisor. Mr. Carpenter testified that although the chaplain told him that he was thinking about suspending Mr. Tennyson, Mr. Carpenter told the chaplain that it was his call. Further, Mr. Dycus testified that it was his decision alone to suspend Mr. Tennyson. He also testified that the assistant warden was his supervisor.

In response, Mr. Tennyson relies on his own testimony that the chaplain told him that his "superiors" directed him impose suspension. He also relies on the fact that Mr. Carpenter denied his step-two grievance, accusing Mr. Tennyson of misconduct for the first time, and then five days later he was suspended.

The Court finds that the evidence submitted by Mr. Tennyson, even when viewed in the light most favorable to him, does not create a genuine dispute of material fact about whether Mr. Carpenter participated in the decision to suspend him from the Praise Team. It is unclear from the record who chaplain's superiors were, and the unrebutted evidence is that Mr. Carpenter was not one of the chaplain's superiors. The record is also clear that Mr. Carpenter was not involved in the decision to suspend Mr. Tennyson. The only evidence linking Mr. Carpenter to Mr. Tennyson's claims is that Mr. Carpenter denied the step-two grievance. But, the denial of a prisoner's grievance, by itself without any connection to the alleged violation of constitutional rights, does not establish personal participation under § 1983. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

Accordingly, the Court finds that Mr. Tennyson has not satisfied his burden of coming forward with sufficient evidence to create a genuine dispute over whether Mr. Carpenter

personally participated in suspending Mr. Tennyson from the Praise Team. Mr. Carpenter is therefore entitled to judgment in his favor on Mr. Tennyson's claims.

## IV. Conclusion

For the forgoing reasons, the Defendant's Motion for Summary Judgment **(#69)** is granted. The Clerk is directed to enter judgment in favor of the Defendant on Mr. Tennyson's claims under the First Amendment. All claims having been resolved, the Clerk is directed to close this case.

Dated this 16th day of February, 2016.

**BY THE COURT:**

_____
Marcia S. Krieger
Chief United States District Judge